Judge Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DAVID SUBIL,<br><br>Defendant. | NO. CR23-030<br><br>GOVERNMENT'S RESPONSE TO MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DETENTION ORDER |

The United States of America, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Jocelyn Cooney of the Western District of Washington, submits this response in opposition to Defendant David Subil's Motion for Review and Revocations of Magistrate Judge's Detention Order (Dkt. No. 27). For the reasons stated below, the United States requests this Court to affirm the Detention Order (Dkt. No. 15) issued on April 11, 2023, by United States Chief Magistrate Judge Brian A. Tsuchida and deny the Defendant's request for release and issuance of an appearance bond. An evidentiary hearing is not necessary nor warranted.

I.  **RELEVANT BACKGROUND**

The Defendant has an extensive criminal history spanning back to his teenage years. He has made a lifetime career of stealing from others for his own personal gain.

Government's Response to Motion for Review of Magistrate Judge's
Detention Order - 1
*United States v. Subil* CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Despite being caught, prosecuted, and sent to prison again and again for stealing perishable products, including meats and seafood from hardworking legitimate companies, the Defendant repeats his behavior. The Defendant has learned nothing from his prior transgressions other than how to fine tune his fraud to make more money. The Defendant victimizes members of this community and if given the opportunity will continue to do so.

### A. Offense Conduct

In early 2023, the Defendant, under the guise of being a Safeway representative, attempted to steal over $1.5 million in seafood and managed to drive away with $700,000 worth of seafood from Arctic Seafood. Arctic Seafood was first contacted by individuals purporting to be from Safeway in January of 2023. The individual, using fake names, fake emails, fake phone numbers, fake advertisements and fake purchase orders convinced Arctic Seafood to release two shipments of Russian King Crab and Opilio Crab from North Star Cold Storage in Stanwood, Washington. The first shipment totaled $432,000 and the second totaled $296,388. The two shipments were picked up on different days, using a Ryder box truck rented by Subil. The driver of the Ryder truck identified himself as, "Juan Sanchez" of "Jorge Trucking." The shipments were then dropped off at a Cold Storage Facility in Oregon. The Oregon facility had a contract with the Defendant and his company Global Supply Systems Inc. to transport the goods to Florida.

Arctic Seafood discovered their product had been stolen when they attempted to reach out to the provided email and phone numbers to discuss an issue with pricing. Arctic Seafood confirmed with an actual Safeway representative the individuals they had been communicating with were fake and the Stanwood Police Department were contacted.

Government's Response to Motion for Review of Magistrate Judge's
Detention Order - 2
United States v. Subil CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Working with Stanwood Police Department, Arctic Seafood scheduled a third pickup of seafood with a value of $432,000. On January 25, 2023, a box truck registered to Juan Manuel Sanchez-Abreu picked up the third load of seafood and left North Star Cold Storage. The truck was subsequently pulled over, Juan Manuel-Sanchez was arrested, and his passenger was released. His passenger was informed on the side of the highway that the product in the third shipment was not crab and was unsellable. There is no evidence to suggest this information was subsequently shared with the Defendant and in fact, the Defendant did not raise the issue with Arctic Seafood until February 15th, 2023. Upon discovering that Sanchez-Abreu was in custody, the Defendant made several calls to the Snohomish County Police Department and attorneys in the area. The Defendant ultimately provided the bail money to get Sanchez-Abreu out of custody.

On January 30, 2023, Arctic Seafood scheduled a fourth shipment of seafood valued at $420,000. The shipment was picked up, by a legitimate company, on February 8, 2023, from North Star Cold Storage. A tracker, installed by Homeland Security, was located inside one of the boxes. The boxes contained only ice. The tracker emitted data showing the shipment of seafood travel from Washington to Florida.

On February 1, 2023, Arctic Seafood was contacted by an associate and told that he had been offered the stolen seafood by a Florida seafood distribution company. Agents contacted the company, and they stated an individual named "David" sold them the product. A business card provided by "David" had a phone number registered to the Defendant. The company name provided was also registered to the Defendant. The Florida seafood distribution company provided surveillance still photos. The individual identified as "David" matched a recent mugshot of the Defendant. The company also provided receipts of wires, totalling over $433,000 they paid to the Defendant and his company for the purchase of the stolen seafood. Bank records show the Defendant

Government's Response to Motion for Review of Magistrate Judge's Detention Order - 3
*United States v. Subil* CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

withdrew most of the funds in cash and transferred some of that money to the account of his wife's company, Salvatierra Enterprises, among others.

On February 15, 2023, a recorded conversation took place between Arctic Seafood and who agents believed to be the Defendant based on all the available evidence and voice comparison. The Defendant informed Arctic Seafood the third shipment did not contain crab. On February 17, 2023, a recorded conversation took place between Arctic Seafood and who agents believe to be the Defendant based on all the available evidence and voice comparison. The Defendant contacted Arctic Seafood and informed them he had opened the fourth shipment and it did not contain the ordered crab. The morning of February 18, 2023, the Defendant booked a one-way ticket to Colombia. On February 19, 2023, the Defendant was arrested at the Miami Airport with over $11,000 of undeclared currency.

The Defendant has no known connections to Colombia. The Defendant's wife did represent to law enforcement that the Defendant was leaving for Colombia for a business trip. She further stated the Defendant intended on going to the Venezuelan Consulate in Colombia to get documentation for her.

**B. Grand Jury Indictment and Detention Hearings**

The Grand Jury returned an indictment on March 1, 2023, charging the Defendant with one count of Conspiracy to Commit Interstate Transportation of Stolen Property and two counts of Interstate Transportation of Stolen Property. (Dkt. No. 3). There are additional forfeiture allegations. (Dkt. No. 3).

On April 11, 2023, United State Magistrate Judge, the Honorable Judge Brian A, Tsuchida ordered the Defendant be detained and remanded into custody. (Dkt. No. 15). The Court heard argument from both parties and had access to the filed documentation including the Indictment and Complaint. Based on what was presented, the Court

Government's Response to Motion for Review of Magistrate Judge's Detention Order - 4
*United States v. Subil* CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

concluded that the "defendant should be detained given his criminal history, the nature of the offense, and the risk of flight that defendant poses." (Dkt. No. 15).

## II. ARGUMENT

### A. Legal Framework

A District Court reviews *de novo* a magistrate judge's order for pretrial detention. *United States v. Koenig*, 912 F.2d 1190, 1992-93 (9th Cir. 1990). The determination to detain a defendant pending trial is governed by the Bail Reform Act (BRA). 18 U.S.C. § 3142.

Under the rubric of the BRA, a Magistrate Judge shall hold a detention hearing in a case that involves a "crime of violence" or other enumerated offenses, 18 U.S.C. § 3142(f)(1)(A), or if there is a serious risk the defendant will flee, obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror, 18 U.S.C. § 3142(f)(2). If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending trial. *Id.* § 3142(e). In making its determination, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release.

A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a

Government's Response to Motion for Review of Magistrate Judge's Detention Order - 5
*United States v. Subil* CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

### B. A Detention Hearing Was Proper Because this Case Involves a Serious Risk of Flight

The Defendant poses a serious risk of flight and non-appearance. The motion presented by defense arguing for release provides no new or different information than previously presented to Magistrate Judge Tsuchida to support release on an appearance bond.

The Defendant first argues that holding a detention hearing was not proper. Pursuant to 18 U.S.C. § 3142(f)(2)(A), the Government filed a motion, alleging the Defendant posed a Serious Risk of Flight. (Dkt. No. 10). Based on the Government's motion, the Court ordered the Defendant detained pending a hearing before Magistrate Judge Brian A. Tsuchida. (Dkt. No. 11). The ordering of the hearing was proper, as the Government properly filed their motion pursuant to the applicable rules. Furthermore, the hearing was heard within five days, as required under 18 U.S.C. § 3142. Because a motion was properly filed and heard within the required timeframe, a hearing to determine risk of flight was appropriate.

The Defendant next contends the Government's recitation of the facts led the Court to misapprehend the facts and therefore improperly determine he was a serious risk of flight. This is simply unsupported by the available evidence. The Defendant says that the truck passenger on January 25, 2023, was told by law enforcement that the product was not crab and was unsellable, a fact outlined in the Complaint and known to the Court. He argues that this information would have been relayed to him and therefore he would have known he was under investigation approximately three weeks prior to him purchasing the one-way ticket to Colombia. He argues that accordingly, the Government's argument and subsequent finding of the Court that the Defendant discovered he was under investigation and one day later purchased a one-way ticket to

Government's Response to Motion for Review of Magistrate Judge's Detention Order - 6
*United States v. Subil* CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Colombia was inaccurate. The Defendant's recitation of the facts is not supported by the actual evidence. First, there is nothing to suggest the information about the product in the third shipment being unsellable was relayed to the Defendant. Second, the evidence shows the Defendant remained unaware the product in the third shipment was unsellable. This is supported by the Defendant moving forward with a fourth purchase of seafood days later and his contacts on February 15, 2023, where he informed Arctic Seafood he had opened the third shipment and it was not what he ordered. On February 17, 2023, the Defendant contacted Arctic Seafood and informed them he had just opened the fourth shipment and it only contained ice. The very next day, the Defendant purchased a one-way ticket to Colombia for the following day.

For all of these reasons, a detention hearing was proper, the evidence relied upon by the Court supported detention, and Subil does pose a serious risk of flight.

### C. No Conditions Will Reasonably Assure the Defendant's Appearance

Applying the factors set forth in 18 U.S.C. § 3141(g), there is ample evidence to support a finding that no conditions of release will reasonably assure the appearance of the defendant at future court proceedings.

#### 1. *Nature and Circumstances of the Offense*

The Defendant is charged with a serious offense that involved the theft of hundreds of thousands of dollars of Russian King Crab and Opilio Crab. While no one was physically injured because of his actions, the financial impact and the subsequent loss of the product to the victim and seafood industry as a whole is significant. On March 11, 2022, President of the United States Joseph R. Biden, banned the importation of Russian seafood. Exec. Order 14066. This ban came on the heels of the Alaskan cancellation of the King crab and Opilio crab season. National Fisherman, *Alaska shuts down crab seasons after dismal survey results,* Oct. 12, 2022, https://www.seafoodsource.com/national-fisherman/alaska-shuts-down-crab-seasons-

Government's Response to Motion for Review of Magistrate Judge's Detention Order - 7
*United States v. Subil* CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

after-dismal-survey-results. The Defendant further injured an already hurting industry by stealing a product that at this time, cannot be replaced.

2. *Weight of the Evidence*

The evidence against the Defendant is extensive. The government's evidence includes, but is not limited to, the following:

- Phone recordings between who is believed to be the Defendant, based on his voice and the contents of the call, and Arctic Seafood discussing the shipments of seafood.
- Contracts showing the Defendant ordering the rental truck that picked up the first two shipments of stolen seafood.
- Contracts showing the Defendant and his company purchasing storage and shipment of the stolen seafood from Oregon to Florida.
- Records showing the Defendant bailing out a co-conspirator when he was arrested while trying to transport the third shipment of purported seafood.
- Surveillance screen captures of the Defendant with the stolen seafood in Florida.
- The first and second shipment of seafood were found in Florida and were sold by the Defendant to a Seafood Distribution company.
- GPS tracker data showing the fourth shipment of seafood being transported from Washington to Florida.
- Bank records showing a Seafood Distribution Company wiring hundreds of thousands of dollars into the Global Supply P & P Inc.'s bank account.
- The Defendant purchased a one-way ticket to Colombia and was arrested at the gate with over $11,000 in unclaimed currency.

3. *History and Characteristics of the Defendant*

The Defendant has been provided with every opportunity to learn from his past mistakes and stop victimizing others. Despite spending time in prison and being required to pay substantial financial restitution, he continues his criminal conduct. As Magistrate Judge Tsuchida found in his Detention Order, the Defendant has a lengthy criminal history, including crimes of violence." Dkt. 15. The Defendant's violent offenses include assault and battery, aggravated assault of a police officer, and robbery by carjacking. In addition to violent crimes, the Defendant has an extensive history of fraud and crimes of dishonesty. His offenses include using fake checks, using fake credit cards, forgery, using counterfeit cashier's checks, using forged instruments, credit card fraud, wire fraud,

Government's Response to Motion for Review of Magistrate Judge's Detention Order - 8
*United States v. Subil* CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

communications fraud, using a fictitious name or address to commit fraud, defrauding a financial institution and obtaining property by false personation. His history shows that he has used 24 aliases in the past, not including the ones used in this case. As evidenced by this history, the Defendant has no qualms creating fake names, phone numbers, addresses, emails, and websites to commit his crimes and hide his identity.

The Defendant has no ties to the Western District of Washington. He does not have a place to stay in the Western District of Washington and has no family in the area. Based on the review of all the available evidence, including bank records, the Defendant does not appear to have a legitimate source of income. The Defendant argues his company, Global Supply P&P Inc. is a legitimate business and is used by Subil to broker seafood. The Government acknowledges this is an active Florida company, which was also noted in the Complaint. Dkt. 1. However, the Defendant appears to be using Global Supply P&P Inc., for illegitimate means, specifically using the company to sell stolen goods to seafood distribution companies.

### 4. *Nature and Seriousness of the Danger to Any Person*

The Defendant poses a risk to the community, as evidenced by his history and the present charge. The Defendant posed as a seafood buyer and walked away with over $700,000 in perishable merchandize. The Defendant transported the perishable item, consumed by the public, all the way across the country and sold it to a Seafood Distribution company. This company then resold the items. His actions were clearly a financial danger but also could have resulted in physical harm to anyone who consumed the product.

Government's Response to Motion for Review of Magistrate Judge's
Detention Order - 9
United States v. Subil CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## Conclusion

Magistrate Judge Tsuchida considered all of the factors under the BRA and entered an order of detention. Under *de novo* review by this Court, detention of Subil is appropriate and warranted and this Court should deny the motion without a hearing. In light of the factors set form in 18 U.S.C. § 3142(g), this Court should affirm the Detention order and detain the Defendant pending trial.

Dated this 15th day of May, 2023.

Respectfully Submitted,
Nicholas W. Brown
United States Attorney

/s/ *Jocelyn Cooney*
Jocelyn Cooney
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: 206-553-4282
Email: Jocelyn.Cooney@usdoj.gov

Government's Response to Motion for Review of Magistrate Judge's Detention Order - 10
*United States v. Subil* CR23-030

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970